UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD MISAMORE,

        Plaintiff,

v.                               Case No. 8:21-cv-98-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.
_____/

## O R D E R

This cause is before the Court on Plaintiff's Petition for Attorney Fees (Doc. No. 31; "Petition"), filed December 16, 2022. In the Petition, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $4,311.55. Petition at 1, 3; see also Affidavits of Plaintiff's Former and Current Counsel (Doc. No. 31 at pp. 5-6, 7-8; collectively, "Affidavits"). Although the Petition represents that Defendant opposes the relief requested, Defendant responded on January 31, 2023 indicating she "does not object to Plaintiff's request for $4,311.55 in attorney's fees" and that the Commissioner will determine at a later date whether to waive the Anti-Assignment Act provisions. Defendant's Response to Plaintiff's Petition for Attorney Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. No. 33).

According to the Petition, Plaintiff's counsel expended a total of 19.80 hours in the representation of Plaintiff before the Court. Id. at 3; Itemizations

of Services Rendered (Doc. Nos. 31-1, 31-2). Plaintiff requests an hourly rate of $217.54 for hours in 2021 and $231.49 for hours in 2022. Petition at 3. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Petition, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees.[1] Further, the number of hours expended is reasonable.

Plaintiff has assigned his rights to any entitlement of attorney's fees due under the EAJA to his former counsel. See Assignment of EAJA Fees (Doc. No. 31-3). Regarding the assignment, Plaintiff represents the following:

> After the Court issues an order awarding EAJA fees, the Commissioner will determine whether Plaintiff owes a debt to the government. Any payments shall be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff does not owe a federal debt. If the United States Department of Treasury determines that Plaintiff does not owe a federal debt the government will accept . . . Plaintiff's assignment of EAJA form and pay fees directly to Plaintiff's counsel.

---

[1] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited February 1, 2023). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

Petition at 3. It is unclear whether that representation is meant to apply to Plaintiff's current or former counsel or both. In any event, the Court will leave it to the Commissioner's sole discretion to determine whether to accept the assignment.

Upon due consideration, it is

**ORDERED**:

1. Plaintiff's Petition for Attorney Fees (Doc. No. 31) is **GRANTED to the extent that** the Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $4,094.02 pursuant to 28 U.S.C. § 2412(d).[2]

2. The Commissioner has the sole discretion to determine whether to honor Plaintiff's assignment of fees to counsel.

3. Otherwise, the Motion is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on February 3, 2023.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

---

[2] Although Plaintiff represents 16.9 hours were expended in 2022, the Itemization for 2022 only contains 15.9 hours. See Itemization (Doc. No. 31-2). Subtracting one hour at the rate of $231.49 equates to $4,094.02.